ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 9 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. 1:11CR385 |
| MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy" and, EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," | |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

### CONSPIRACY

1. Beginning on a date unknown to the Grand Jury, and continuing through on or about March 3, 2011, in the Northern District of Georgia and elsewhere, the defendants, MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," and EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," did combine, conspire, confederate, agree and have a tacit understanding with each other, and others known and unknown to the Grand Jury, to commit the following offenses:

　　A. To knowingly possess identification documents and authentication features that are and appear to be identification documents and authentication features of the United States which were possessed and produced without lawful authority, knowing that such documents and features were stolen and produced without such authority, in violation of Title 18, United States Code, Sections 1028(a)(6) and (b)(1)(A);

B. To knowingly and without lawful authority produce identification documents, authentication features, and false identification documents, in violation of Title 18, United States Code, Sections 1028(a)(1) and (b)(1)(A); and

C. To sell a Social Security card that purported to be a card issued by the Commissioner of Social Security, to counterfeit a Social Security card, and to possess a counterfeit Social Security card with intent to sell it, all for the purpose of obtaining anything of value from any person, in violation of Title 42, United States Code, Section 408(a)(7)(C).

D. To knowingly forge, counterfeit, alter and falsely make alien registration receipt cards, knowing them to be forged, counterfeited altered and falsely made, and to have been otherwise procured by fraud or unlawfully obtained, in violation of Title 18, United States Code, Section 1546; and

E. To encourage and induce aliens to reside in the United States, knowing and in reckless disregard of the fact that such residence in the United States is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

## Background

2. It is relevant to the conspiracy that:

A. In order to obtain a Social Security Number (SSN) for employment purposes one must either be a United States citizen or,

2

if an alien, classified as an individual who can work in this country. Generally, foreign born individuals who are not legally in this country are not entitled to SSNs.

    B. SSNs are assigned to a single person, and, once used, are not reassigned to anyone else.

    C. Upon entering the United States, an individual must establish his or her identity and admissibility through documents presented to an Immigration Inspector. An alien entering the United States must have either a visa; a Permanent Resident card that indicates that he or she is a lawful permanent resident; a permit; a border crossing card; or some other document prescribed by statute or regulation for entry into the United States

    D. In December 1997, Resident Alien cards were renamed Permanent Resident cards. Prior to approximately November 2004, Resident Alien cards were issued by the Department of Justice. Since approximately November 2004, Permanent Resident cards have been and are issued by the Department of Homeland Security (DHS), Citizenship and Immigration Services (CIS). Both Resident Alien cards and Permanent Resident cards contain the holder's name, photograph, date of birth, alien registration number, and an expiration date.

An alien registration number is assigned to a single person, and once used, is not assigned to anyone else. Resident Alien cards and Permanent Resident cards are used by non-citizens as

proof of legal entry into and residence in the United States, and also demonstrate that the (legal) holder is lawfully eligible for employment.

E.  In order to obtain a Permanent Resident card, an individual must apply to CIS on a Form I-485.

## Manner and Means

3.  It was part of the conspiracy that:

A.  The defendants, MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," and EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," conspired to and did manufacture numerous fraudulent identification documents, including but not limited to Social Security cards, Permanent Resident cards, and various State driver's licenses or State identification documents.

B.  The defendants, MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," and EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," conspired to and did manufacture said fraudulent identification documents at 2931 Appling Drive, Atlanta, Georgia.

C.  Defendants possessed and used computers, laminators, card stock, and other equipment and supplies to produce the fraudulent identification documents.

D.  MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," possessed business cards containing the initials "L.M. y S." on them; which stands for "Licenses Micas y Seguros", and indicates Green Cards and Social Security cards.

4

### Overt Acts

4. In furtherance of the conspiracy, and in order to effect the purposes and objects thereof, the defendants, MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," and EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," and others known and unknown to the grand jury, committed overt acts in the Northern District of Georgia and elsewhere, including but not limited to the following:

A.  The Grand Jury incorporates by reference as overt acts Counts Two through Four of this Indictment.

### Overt Acts B-1 through B-2 : Fraudulent Social Security Cards

B.  From on or about a date unknown to the Grand Jury, and continuing through on or about March 2, 2011, the defendants MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," and EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," aided and abetted by each other and others known and unknown to the grand jury, manufactured and possessed false and fraudulent Social Security cards bearing the names and SSNs set forth below:

| OVERT ACT | NAME ON CARD | SSN ON CARD |
|---|---|---|
| B-1 | C.L. | XXX-XX-8656 |
| B-2 | H.M.D. | XXX-XX-6044 |

### Document Making Implemenat or Authentication Feature

C.  From on or about a date unknown to the Grand Jury, and continuing through on or about March 2, 2011, the defendants, MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," and EDGAR VASQUEZ-HERNANDEZ,

5

a/k/a "Gonzalo," aided and abetted by each other and others known and unknown to the grand jury, did knowingly produce, transfer, and possess a document-making implement and authentication feature, with the intent such document-making implement and authentication feature would be used in the production of a false identification document and the authentication feature is and appears to be issued by and under the authority of the United States or the document-making implement is designed or suited for making an identification document, authentication feature, and false identification document that is and appears to be issued by and under the authority of the United States.

Fraudulent State Driver's Licenses and Identification Cards

D.   From on or about a date unknown to the Grand Jury, and continuing through on or about March 2, 2011, the defendants MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," and EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," aided and abetted by each other and others known and unknown to the grand jury, manufactured and possessed false State driver's licenses and identification cards purportedly issued by the States of Georgia, Texas, North Carolina and California.

March 2011 Fraudulent Document Sale

E.   In a phone call on or about March 2, 2011, defendant EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," advised a confidential informant (CI) that he/she could purchase a Georgia's driver's license and a Social Security card for $100.00.  EDGAR VASQUEZ-

HERNANDEZ, a/k/a "Gonzalo," instructed the CI to meet him at the Plaza Fiesta shopping center on Buford Highway in DeKalb County, Georgia (the "Plaza Fiesta shopping center")

F.  On that same date, defendant EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," met the CI at the Plaza Fiesta shopping center and took a photograph of the CI for use in the manufacture of the fraudulent Georgia Driver's license.

G.  Approximately two hours after their initial meeting, defendant EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," met the CI again at the Plaza Fiesta shopping center, and in exchange for $100.00, provided the CI with a fraudulent Georgia's driver's license and a fraudulent Social Security card bearing the name "Carlos Lopez."

H.  On March 2, 2011, MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," was encountered at 2931 Appling Drive, Atlanta, Georgia, the location of the manufacture of the fraudulent documents. MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," had in her vehicle numerous business cards that listed her alias of "Nancy," and the letters "L. M. y S.". These letters stand for "Licenses Micas y Seguros," which indicate Green Cards and Social Security cards, and were used for the solicitation of further illegal document sales.

All in violation of Title 18, United States Code Sections 371 and 2.

7

## COUNT TWO

## SOCIAL SECURITY FRAUD

On or about March 2, 2011, in the Northern District of Georgia, defendant EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," knowingly possessed a counterfeit Social Security card in the name of "C.L." with the intent to sell it, all in violation of Title 42 U.S.C. § 408(a)(7)(C).

## COUNT THREE

## SOCIAL SECURITY FRAUD

On or about March 2, 2011, in the Northern District of Georgia, defendants MAYRA LOPEZ-SANTIAGO and EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," adided and abetted each other knowingly possessed a counterfeit Social Security card in the name of "H.M.D." with the intent to sell it, all in violation of Title 42 U.S.C. § 408(a)(7)(C) and Title 18 U.S.S Section 2.

## COUNT FOUR

On or about March 2, 2011, in the Northern District of Georgia, the defendants, MAYRA LOPEZ-SANTIAGO, a/k/a "Nancy," and EDGAR VASQUEZ-HERNANDEZ, a/k/a "Gonzalo," did knowingly produce, transfer, and possess a document-making implement or authentication feature, to wit, an HP Pavillion A250 desktop computer, serial number MXK321070R, a Zebra P310i Card Printer, serial number P310014451, Two Zebra P310 Card Printers, serial numbers E276544 and E265962, Epson Stylus CX8400 printer, serial number KYQY214434, Hewlett Packard Photosmart C4180 printer,

serial number MY71BH71CF, Hewlett Packard Photosmart A627 printer, serial number CN75M21030, Sony Cybershot Camera DSC-T700, serial number 513428, Logitech thumb drive, Kensington thumb drive, Attache' thumb drive, Swiss Gear thumb drive, Fujifilm micro SD card, Keyfive Smartcard terminal with card, Gateway GM5632E Desktop computer, serial number CSX7981001404, and a CVS Pharmacy SDHC memory card, with the intent such document-making implement or authentication feature would be used in the production of a false identification document or another document-making implement or authentication feature which would be so used, and the authentication feature is or appears to be issued by or under the authority of the United States or the document-making implement is designed or suited for making an identification document, authentication feature, or false identification document that is or appears to be issued by or under the authority of the United States. All in violation of Title 18, United States Code, Section 1028(a)(5), and Section (b).

## FORFEITURE PROVISION

As the result of committing one or more of the offenses alleged in Counts One and Four of this Indictment in violation of Title 18, United States Code, Sections 1028 and 1546 and Title 8, United States Code, Section 1324, the Defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(6) and 1028(b)(5), any property, real or

personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses; any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offenses; and any personal property used or intended to be used to commit the offense, including, but not limited to, the following:

(1) One HP Pavillion A250 desktop computer, serial number MXK321070R;

(2) One Zebra P310i Card Printer, serial number P310014451;

(3) Two Zebra P310 Card Printers, serial numbers E276544 and E265962;

(4) Epson Stylus CX8400 printer, serial number KYQY214434;

(5) Hewlett Packard Photosmart C4180 printer, serial number MY71BH71CF;

(6) Hewlett Packard Photosmart A627 printer, serial number CN75M21030;

(7) Sony Cybershot Camera DSC-T700, serial number 513428;

(8) Logitech thumb drive;

(9) Kensington thumb drive;

(10) Attache' thumb drive;

(11) Swiss Gear thumb drive;

(12) Fujifilm micro SD card;

(13) Keyfive Smartcard terminal with card;

  (14) Gateway GM5632E Desktop computer, serial number CSX7981001404; and

  (15) a CVS Pharmacy SDHC memory card.

If, as a result of any act or omission of the defendants, any property subject to forfeiture:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without undue complexity or difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(C) and/or Title 18, United States Code,

Section 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

A _____true_____ BILL

_____Ann C Austen_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

_____S. Gabay-Smith_____
STEPHANIE GABAY-SMITH
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 663519
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000
404/581-6181 (FAX)