**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                    Case No.   1:11cr385-TWT

**Mayra Lopez-Santiago**

                                                                        **Defendant's Attorney**
                                                                        **Esther Diana Feuer Panitch**

---

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant pleaded guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 371 | Conspiracy to traffic in documents relating to citizenship or legal resident status | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.          XXX-XX-none           Date of Imposition of Sentence: February 17, 2012
Defendant's Date of Birth:         1988
Defendant's Mailing Address:
Robert A. Deyton Detention Center
11866 Hastings Bridge Road
Hampton, Georgia 30250

                                                          Signed this the 17th day of February, 2012.


                                                          /s/Thomas W. Thrash
                                                          THOMAS W. THRASH
                                                          UNITED STATES DISTRICT JUDGE

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 months as to Count One**.

The defendant is remanded to the custody of the United States Marshal.

The Court makes the following recommendations to the Bureau of Prisons:  That the defendant be designated to a facility which meets Bureau of Prisons criteria, that is closest to the defendant's family in the metropolitan Atlanta, Georgia area.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____

Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from the custody of the Bureau of Prisons, the defendant shall be placed on supervised release for a term of **three (3) years**.   The defendant shall report in person to the nearest Probation Office within 24 hours of any re-entry into the United States, whether the re-entry if legal or illegal.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

Upon completion of the term of imprisonment, and release from custody of the Bureau of Prisons,  the defendant is to be turned over to a duly-authorized immigration official for appropriate removal proceedings from the United States, pursuant to 18 USC § 3583(d) in accordance with the Immigration and Nationality Act. The defendant shall not reenter the United States unless she applies for and receives permission from the Attorney General of the United States or Director of Homeland Security for the United States to legally enter the United States.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests there after by the U. S. Probation Officer.

The defendant shall not own, possess or have under his/her control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his/her person, property, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer.

The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 42 USC 14135a(d)(1) and 10 USC 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

**STANDARD CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.   The Court will waive the fine and cost of incarceration in this case.